

FILED
CLERK, U.S. DISTRICT COURT
8/1/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: DD DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: HYUNDAI AND KIA GDI ENGINE
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

MDL No. 2898
2:18-cv-05255-JLS-JDE
Andrea Smolek v. Hyundai Motor America et al

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in the Northern District of California *Musgrave* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the actions listed on Schedule A in the Central District of California. This litigation consists of ten putative class actions, seven of which are pending in the Central District of California. The other three actions are pending in the Northern District of California, the Middle District of Florida, and the Western District of Washington. In addition, the parties have informed the Panel of two related actions pending in the Central and Northern Districts of California. All responding parties—plaintiffs in five consolidated actions in the Central District of California, plaintiffs in the Western District of Washington *Short* action, and defendants—oppose centralization.[1] The *Short* plaintiffs alternatively support the Central District of California as the transferee district, but request the Panel instruct the transferee court to place *Short* on a separate track for discovery and pretrial motion practice.

On the basis of the papers filed and the hearing held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some factual issues arising from allegations that manufacturing or design defects in certain Hyundai and Kia vehicles equipped with gas direct injection (GDI) engines may cause those engines to seize, fail, and potentially catch fire. The eight related actions pending in the Central District of California, though, have all been assigned to the same judge, and five have been consolidated. Only four actions are pending outside the Central District of California, two of

---

[*] Judges Sarah S. Vance and R. David Proctor took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Plaintiffs in the Central District of California *Chieco* action and the Middle District of Florida *Adams* action did not respond to the motion, but each filed a Notice of Waiver of Oral Argument that stated a position on the motion. Plaintiffs in *Chieco* support the motion, while plaintiffs in *Adams* oppose it, alternatively suggesting the Middle District of Florida as the transferee district.

Case MDL No. 2898 Document 58 Filed 07/29/19 Page 2 of 4

-2-

which involve notably different factual allegations regarding the alleged defects.[2] Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have not met that burden here.

In addition, the parties in the consolidated actions pending in the Central District of California have informed the Panel that they have reached a settlement-in-principle that will resolve the claims as to vehicles equipped with the Theta II engine, which constitute the majority of vehicles and models at issue in the actions. The parties anticipate moving for preliminary approval of the proposed class settlement shortly. Movants argue that centralization is necessary to protect the interests of the class members with respect to the proposed settlement. Movants, though, may file objections in the Central District of California if and when the parties there move for court approval of the proposed class settlement. *See In re Wells Fargo Fraudulent Account Opening Litig.*, 282 F. Supp. 3d 1360, 1361 (J.P.M.L. 2017) (denying centralization, in part, because the parties would have the opportunity to object to the adequacy of the proposed settlement).[3] Centralization at this time is premature and could delay the class-wide settlement with little or no benefit to the parties or putative class members. *See In re Patriot Nat'l, Inc., Sec. Litig.*, 349 F. Supp. 3d 1379, 1380 (J.P.M.L. 2018) (declining to centralize actions where a settlement-in-principle had been reached).

---

[2] Plaintiffs in most of the actions allege that a manufacturing defect in defendants' Theta II 2.0 liter and 2.4 liter GDI engines restricts oil flow through the connecting rod bearings to other parts of the engine, which eventually results in an engine stall and failure. Plaintiffs in the Northern District of California *Musgrave* action allege that defendants failed to ensure the use of new parts every time a component of a GDI engine is removed (as occurred when the engines were repaired following earlier recalls), and that this re-use of certain parts makes the engines susceptible to a sudden fuel leak, which can result in fire. Plaintiffs in the Western District of Washington *Short* action allege that two recalls announced in February 2019 pertaining to the Kia Soul and the Hyundai Tucson involve the overheating of the catalytic converter, which can result in oil leaking onto hot engine parts, and improperly sealed oil pans.

[3] Furthermore, counsel for defendants stated at oral argument that they would agree to stipulate to the transfer of movants' action (*Musgrave*) to the Central District of California. Centralization therefore is not necessary for the *Musgrave* plaintiffs to protect there interests with respect to the settlement. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options.") (internal quotation marks and citation omitted).

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Lewis A. Kaplan
Acting Chair

Ellen Segal Huvelle    Catherine D. Perry
Karen K. Caldwell    Nathaniel M. Gorton

**IN RE: HYUNDAI AND KIA GDI ENGINE
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION** MDL No. 2898

## SCHEDULE A

<u>Central District of California</u>

SMOLEK v. HYUNDAI MOTOR AMERICA, ET AL., C.A. No. 2:18−05255
IN RE: KIA ENGINE LITIGATION, C.A. No. 8:17−00838
STANCZAK, ET AL. v. KIA MOTORS AMERICA, INC., C.A. No. 8:17−01365
COATS, ET AL. v. HYUNDAI MOTOR COMPANY, LTD., ET AL.,
    C.A. No. 8:17−02208
BROGAN v. HYUNDAI MOTOR AMERICA, ET AL., C.A. No. 8:18−00622
FLAHERTY, ET AL. v. HYUNDAI MOTOR COMPANY, ET AL.,
    C.A. No. 8:18−02223
CHIECO, ET AL. v. KIA MOTORS AMERICA, INC., ET AL., C.A. No. 8:19−00854

<u>Northern District of California</u>

MUSGRAVE, ET AL. v. HYUNDAI MOTOR AMERICA, INC., ET AL.,
    C.A. No. 4:18−07313

<u>Middle District of Florida</u>

ADAMS, ET AL. v. KIA MOTORS AMERICA, INC., ET AL., C.A. No. 6:19−00250

<u>Western District of Washington</u>

SHORT, ET AL. v. HYUNDAI MOTOR AMERICA, INC., ET AL.,
    C.A. No. 2:19−00318